E-FILED
Friday, 09 February, 2007 02:03:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CRIMINAL NO. 06-20060 |
| CHRISTOPHER MORRISSETTE, | ) ) ) |
| Defendant. | ) ) |

**FILED**
FEB 09 2007
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, and the defendant, Christopher Morrissette, personally and by his attorney, Michael B. McClellan, have agreed upon the following:

### SCOPE

1.    This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

- 2 -

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

## THE PLEA

3. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant will enter a plea of guilty to the charge in the indictment in this cause. The indictment charges the defendant with distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Pursuant to Rule 11(c)(1)(B), if the Court does not accept the recommendations of the parties as set forth below, the defendant understands that he does not have the right to withdraw his plea of guilty.

## ELEMENTS OF THE CHARGE

4. The defendant has personally read the indictment and the charge to which the defendant is pleading guilty. The indictment and the charge have been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty.

5. The offense of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), has the following elements, each of which the prosecution must prove

- 3 -

beyond a reasonable doubt:

    (a)    First, that the defendant distributed cocaine; and

    (b)    Second, that the defendant did so knowingly or intentionally; and

    (c)    Third, the defendant knew that the substance he distributed is a controlled substance.

6.    It does not matter whether the defendant knew the substance was cocaine. It is sufficient that the defendant knew that it was some kind of prohibited drug.

7.    The term "knowingly" means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.

## POTENTIAL PENALTIES

8.    The offense of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), has the following potential penalties:

    (1)    Up to 20 imprisonment;

    (2)    Up to $1,000,000 fine; and

    (3)    Minimum of 3 years and up to life of supervised release.

    (4)    Mandatory $100 special assessment.

9.    The defendant further understands and agrees to pay the mandatory $100 Special Assessment for the of count of the Indictment to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a cashier's check or money order made payable to the United States District

- 4 -

Court and understands that he will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

10. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

11. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## ACCEPTANCE OF RESPONSIBILITY

12. The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1 of the United States Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate. The United States also agrees to move at sentencing for an additional one-level reduction in offense level if the defendant's offense level is 16 or greater because the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid

- 5 -

preparing for trial and permitting the Court to allocate its resources efficiently. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States. The defendant understands that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent determination concerning the defendant's acceptance of responsibility. An objection to the Court's ruling will not give the defendant any right to withdraw his guilty plea.

## COOPERATION BY THE DEFENDANT

13. As a condition of this entire Plea Agreement, the defendant will cooperate fully with law enforcement officials as set forth in a cooperation agreement, which is attached hereto and incorporated herein by reference. All information and testimony given by the defendant must at all times be complete and truthful. This means, for instance, that he must neither minimize his own actions nor fabricate or exaggerate anyone else's actions or involvement. The defendant's status does not hinge upon obtaining a conviction against anyone else; it is dependent solely upon his being truthful about the facts whatever those may be.

14. The defendant agrees that if he violates the terms of that cooperation agreement, the United States will be completely released from all of its obligations under this Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw from any previously accepted guilty

- 6 -

plea.

15.     The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

16.     The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a deviation from the sentencing guideline range pursuant to United States Sentencing Guidelines Section 5K1.1 and/or from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. If the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses, but the defendant's cooperation is not complete at the time of sentencing, the United States reserves the right, in its sole discretion, to refrain from making a motion pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) at the sentencing and instead to make a motion, after the defendant's cooperation is complete, for a deviation from the sentencing guideline range and from any mandatory minimum sentence pursuant to Federal Rule of Criminal Procedure 35 (b). The defendant understands that it is the policy of the United States to make a motion under either U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure 35(b), but not both. The extent of any such recommended deviation will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

- 7 -

17. The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of Title 18, United States Code, § 3553(e) and United States Sentencing Guidelines Section 5K1.1. They further acknowledge, consistent with Application Note 3 to Section 5K1.1, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward deviation pursuant to 18 U.S.C. § 3553(e) and/or § 5K1.1, the defendant and his attorney agree to limit any argument regarding the extent of a downward deviation for substantial assistance to only those grounds specifically set forth in § 5K1.1.

## ADVISORY SENTENCING GUIDELINES

18. The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The defendant understands that although the Sentencing Guidelines are advisory, the Court may choose to impose sentence in accordance with the Sentencing Guidelines.

- 8 -

19. The parties agree that the defendant is accountable under the advisory Sentencing Guidelines for relevant conduct of between 5 and 15 kilograms of cocaine.

### SENTENCING RECOMMENDATIONS AND THEIR EFFECT UPON THE COURT

20. The United States agrees to recommend a sentence at the low end of the applicable advisory Sentencing Guideline range, subject to any mandatory minimum sentence. The defendant remains free to recommend whatever sentence the defendant deems appropriate, unless the United States makes a motion for downward deviation for substantial assistance below the statutory mandatory minimum sentence, in which case the defendant is limited in his recommendation as described in paragraph 17 above.

21. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, after considering the United States Sentencing Guidelines, which are advisory, and tailoring the sentence in light of other statutory concerns pursuant to 18 U.S.C. § 3553.

22. The defendant understands that the Court is required to consider any applicable advisory Sentencing Guidelines, including appropriate upward or downward deviations, but is not bound by those guidelines.

23. The defendant agrees and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the advisory Sentencing Guidelines or to the Court's sentencing findings or rulings or because the

- 9 -

defendant receives a sentence higher than that recommended under the plea agreement.

## STIPULATION OF FACTS

24. The defendant will plead guilty because he is in fact guilty. In pleading guilty, the defendant stipulates and agrees to the following facts:

On December 21, 2005, law enforcement agents utilized a confidential informant (CS) to conduct a controlled purchase of cocaine from the defendant. On that date, the CS contacted the defendant and made arrangements to purchase one ounce of powder cocaine. Thereafter, the CS and his car were searched for money and drugs with negative results, and the CS was provided with $750. Agents then followed CS to the area of the Northfield Mall in Kankakee County, IL.

Following the CS's arrival at the mall, he remained under the surveillance of law enforcement agents. While there, agents observed the defendant arrive with another man in a separate vehicle. Agents then observed the defendant get into the CS's vehicle for a short period of time and then exit that vehicle and depart from the mall in the vehicle he arrived in.

Following the meeting with the defendant, the CS met with agents and provided them with what laboratory analysis later confirmed was approximately 29.4 grams of powder cocaine. The drug transaction between the CS and the defendant was video recorded.

The defendant knowingly distributed cocaine and he knew that cocaine is a controlled substance.

- 10 -

## WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND SENTENCE

25. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

## WAIVER OF RIGHT TO COLLATERAL ATTACK

26. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorneys, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the

- 11 -

defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward deviation as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

## ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

27. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this

- 12 -

agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement.

## VIOLATION OF AGREEMENT BY DEFENDANT

28.  The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to file additional charges against the defendant or to seek the defendant's resentencing. In the event, however, the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea.

29.  Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

30.  The defendant and his attorney acknowledge that they have reviewed and the defendant understands the possible application of Sentencing Guidelines §1B1.3

- 13 -

(Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

31. The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights. Specifically, the defendant understands that by pleading guilty he is waiving the following rights, among others:

 a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

 b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

 c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

 d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence

- 14 -

against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

   e.   The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

32.   The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

33.   Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client. It accurately and completely sets forth the entire Plea Agreement. I concur in the guilty plea as set forth in this Plea Agreement.

Date: 9 FE 13                    s/Michael B. McClellan
                                 Michael B. McClellan
                                 Attorney for the Defendant

- 15 -

34.  Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

- 16 -

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Date: 9 FEB 07                                s/Christopher Morrissette
                                              Christopher Morrissette
                                              Defendant

## ACKNOWLEDGMENT OF THE UNITED STATES

35.  United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.

Date: 2-9-07                                  s/Tim Bass
                                              Timothy A. Bass
                                              Assistant United States Attorney
                                              201 South Vine Street
                                              Urbana, Illinois 61802
                                              Telephone: 217/373-5875

**U.S. Department of Justice**

United States Attorney
Central District of Illinois

---

Rodger A. Heaton
United States Attorney

Urbana Division Office
Urbana Federal Building and U.S. Courthouse
201 South Vine Street, Suite 226
Urbana, Illinois 61802-3369
TEL: (217) 373-5875
FAX: (217) 373-5891

October 11, 2006

Mr. Michael B. McClellan
Attorney at Law
Suite 301
102 E. Main Street
Urbana, IL 61801

Re: Cooperation and testimony by Christopher Morrissette

Dear Mr. McClellan:

It is my understanding that your client, Christopher Morrissette, desires to cooperate with the government in its efforts to enforce federal law on the condition that his statements are protected by a grant of use immunity, in order to prevent him from facing any greater criminal liability as a result of cooperating. This letter is intended as a grant of conditional <u>direct use</u> immunity.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

1. The government agrees that no statement made or information provided pursuant to this agreement may be used directly as evidence against your client in any criminal case, including sentencing, excepting (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should your client subsequently testify or take a factual position contrary to the information he provides. The government will be free to make indirect, or derivative, use of his statements. This agreement means only that the fact your client made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against him. The government will also remain free to discharge its duty to the court by informing the court of any information your client provides. The court will be notified that such information was obtained pursuant to this grant of use immunity.

RECEIVED OCT 1 3 2006

2. In return, your client agrees that he will provide <u>complete</u> and <u>truthful</u> information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information he provides.

3. Your client agrees to provide <u>complete</u> and <u>truthful</u> testimony to any grand jury, trial jury, or judge in any proceeding in which he may be called to testify by the government.

4. You and your client further acknowledge and agree that the government's grant of use immunity herein is in part conditioned upon your client's complete compliance with paragraphs 2 and 3. Should your client knowingly make any false statement or omission of any kind in providing information or testimony under this agreement, the government will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury.

5. For instance, your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts, whatever those facts may be.

6. The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7. The government agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation. At this time the government is not making and has not made any promise or commitment of any kind to your client regarding the prosecution of any offense or the sentence in any case.

8. The government reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the government's evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

9. Any breach of any provision of this agreement by your client will void this agreement in its entirety and will release the government from any obligation under this agreement.

This letter embodies the entirety of the government's use immunity agreement with your client. No other promise or agreement exists between your client and the government regarding cooperation or immunity.

Very truly yours,

RODGER A. HEATON
UNITED STATES ATTORNEY

s/Tim Bass

Timothy A. Bass
Assistant United States Attorney


AGREED:

We have read this letter entirely, and we understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation or immunity.


s/Christopher Morrissette                Date: 10/23/06
Christopher Morrissette


s/Michael B. McClellan                   Date: 10/23/06
Michael B. McClellan
Attorney for Christopher Morrissette